FILED
2026 Nov-10 PM 03:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **JAYNTIBHAI REVABHAI CHAUDHARI, *et al.*,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Civil Action No. 5:25-cv–1866-CLS** |
| **JOSEPH B. EDLOW, Director of the U.S. Citizenship and Immigration Services, *et al.*,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

This action was commenced by Jayntibhai Revabhai Chaudhari, Jagrutiben J. Chaudhari, and Shlokkumar Jayntibhai Chaudhari on October 28, 2025. Doc. no. 1 (Complaint). Plaintiffs assert claims under the Administrative Procedure Act, 5 U.S.C. §§ 551-559 & 701-706, and the Mandamus Act, 28 U.S.C. § 1361, and their complaint asks the court to issue a writ of mandamus to compel the United States Citizenship and Immigration Services to conduct a "bona fide determination" of their eligibility to receive a "U nonimmigrant visa." *Id.* at ¶ 1. This opinion addresses defendants' motion to dismiss plaintiffs' complaint.[1] Doc. no. 14.

[1] Defendants filed the motion to dismiss on February 27, 2026. Plaintiffs were directed to respond to the motion no later than March 16, 2026, but failed to do so. For that reason, this court granted defendants' motion and dismissed all of plaintiffs' claims. Doc. no. 16. However, plaintiffs thereafter moved to reopen the case, based upon the fact that their attorney's email address had been incorrectly entered into the CM/ECF system, and the attorney had not received court filings. Doc.

## I. THE "U VISA" PROCESS

Congress created the "U nonimmigrant status" visa classification ("U visa") in October of 2000. The status is available to victims of qualifying crimes who cooperate with law enforcement in the investigation or prosecution of those crimes. *See* Victims of Trafficking and Violence Protection Act, Pub. L. 106-386, 114 Stat. 1464 (2000), codified at 8 U.S.C. § 1101(a)(15)(U). Congress delegated administration of the U visa program to the Secretary of the Department of Homeland Security. That Cabinet-level official, in turn, placed sole jurisdiction to adjudicate U visa petitions with the United States Citizenship and Immigration Services ("**USCIS**"). *See* 8 U.S.C. § 1103; 8 C.F.R. § 214.14(c)(1).

A "U visa" confers temporary lawful non-immigrant status and employment authorization upon qualified non-citizens. 8 U.S.C. § 1101(a)(15)(U)(I). U visa petitioners may also seek derivative U visa status for family members. 8 U.S.C. § 1101(a)(15)(U)(ii); 8 C.F.R. § 214(f).

Note well that only 10,000 principal U visas may be issued each year. *See* 8 U.S.C. § 1184(p)(2). Since the inception of the U visa program, the number of petitions filed each year have far outpaced that cap. To address that situation, a "waiting list" was established by regulation. *See* 8 U.S.C. § 214(d)(2). The

no. 17. The court vacated the order of dismissal on that ground, doc. no. 18, and only now addresses the substantive merits of defendant's motion to dismiss.

regulation provides that petitioners who, but for the statutory cap, would be eligible to receive a U visa must be placed on a waiting list until a visa becomes available. *Id.* Petitioners placed on the waiting list are granted "deferred action" status,[2] and may be authorized by USCIS to seek employment. *Id.*

Congress amended the Victims of Trafficking and Violence Protection Act ("**VTVPA**") in 2008 in a manner that authorized the Secretary of the Department of Homeland Security to grant employment authorization to aliens with pending, bona fide, U visa petitions. *See* William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, Pub. L. 110-457, § 201©), 122 Stat. 5044 (Dec. 23, 2008) (codified at 8 U.S.C. § 1184), 8 U.S.C. § 1184(p)(6). In June of 2021, USCIS relied on that statutory authority to implement a policy addressing the increase in U visa petitions, as well as the growing backlog of U visa petitioners awaiting placement on the waiting list or final adjudication of their petition. *See* doc. no. 1-5 (USCIS Policy Manual, vol. 3, pt. C, ch. 5). A primary goal of the bona fide determination policy was to "provide[] an opportunity for certain petitioners to receive BFD EADs ["Bona Fide Determination Employment Authorization Documents"] and deferred action while their petitions are pending, consistent with

[2] The term "deferred action" refers to "a form of enforcement discretion not to pursue the removal of certain aliens for a limited period in the interest of ordering enforcement priorities in light of limitations on available resources, taking into account humanitarian considerations and administrative convenience." 8 C.F.R. § 236.21(c)(1).

the William Wilberforce Trafficking Victims Reauthorization Act of 2008." *Id.* (alterations supplied).

In accordance with the policy, the USCIS conducts a preliminary assessment to determine whether a petition is bona fide "based on the petitioner's compliance with initial evidence requirements and successful completion of background checks." *Id.* A petitioner must file a complete Petition for U Nonimmigrant Status (a "Form I-918"), along with certification by a law enforcement agency, submitted within six months of the certifier's signature, describing the crime of which the petitioner was a victim and attesting to the petitioner's cooperation. The petitioner must also submit a personal statement describing the facts of the victimization. *Id.* If the petition meets the threshold evidentiary requirements, it is deemed to be bona fide, and the USCIS reviews the background checks and other discretionary factors, in order to determine whether the petitioner is a national security or public safety risk. Doc. no. 1-5 (USCIS Policy Manual, vol. 3, pt. C, ch. 5). The USCIS then may exercise its discretion to authorize the petitioner to seek employment and to grant deferred action status. *Id.* Petitioners who are granted a Bona Fide Determination Employment Authorization Document and deferred action proceed to final adjudication of the U visa petition when visas are available under the statutory cap. *Id.*

If the USCIS determines that a petitioner does not meet the initial evidentiary

requirements, the petition is deemed to not be "bona fide." Even so, the petitioner is evaluated for placement on the waiting list, and remains eligible to obtain an employment authorization and a grant of deferred action. *Id.* In such cases, the agency reviews the petition to identify deficiencies that need to be addressed for waiting list adjudication, and issues a "Request for Evidence." *Id.* Notably, "non-issuance of a BFD EAD [*i.e.*, a 'Bona Fide Determination Employment Authorization Document'] is not a final agency action. Correspondingly, USCIS does not accept or process motions to reopen or reconsider, appeals, or requests to re-apply for a BFD EAD." *Id.* If the petitioner is determined to be ineligible for the waiting list, the U visa petition is denied outright. *Id.*

In sum, the Bona Fide Determination process expedites the issuance of an employment authorization document and a grant of deferred action status to those petitioners who demonstrate *prima facie* eligibility for a U visa, but it does not foreclose those immigration benefits for those whose petitions are incomplete.

## II. FACTUAL BACKGROUND

The plaintiffs are natives and citizens of India who presently reside in Lacey's Spring, Morgan County, Alabama.[3] Plaintiff Jayntibhai Revabhai Chaudhari was the victim of a robbery which occurred on June 21, 2023, while he was employed as a

[3] Doc. no. 1 (Complaint), ¶ 10.

clerk at the "Newport News Mart" in Newport News, Virginia.[4] He cooperated with the investigation of the crime; and, "[a]s a result of his cooperation, the suspect, Isaiah Nowell, was found guilty of the robbery during a jury trial." Doc. no. 22-1 (Form I-918B), at ECF 11.

Plaintiff Jayntibhai Revabhai Chaudhari filed a petition for U nonimmigrant status using Form I-918 on May 20, 2024, and plaintiffs Jagrutiben Jayntibhai Chaudhari and Shlokkumar Jayntibhai Chaudhari simultaneously filed petitions as qualifying family members of a U visa petitioner.[5]

On September 2, 2025 — nearly two months before this lawsuit was filed — the USCIS notified Jayntibhai[6] and his former attorney that:

> At this time, the evidence does not demonstrate your petition for U nonimmigrant status is bona fide because you have not properly filed a complete Form I-918, including a signed I-918B [*i.e.*, a law enforcement agency certification] and a personal statement.
>
> As USCIS has determined your petition is not bona fide, you will also not be considered for deferred action or employment authorization *at this time. USCIS will not accept or process appeals or motions to reopen or reconsider bona fide determinations under this section.*

---

[4] Doc. no. 22-1 (Form I-918B), at ECF 11. "ECF" is an acronym formed from the initial letters of the name of a filing system that allows parties to file and serve documents electronically: *i.e.*, "Electronic Case Filing." *The Bluebook: A Uniform System of Citation*, Rule 7.1.4, at 21 (Columbia Law Review Ass'n *et al.* eds., 19th ed. 2010). When this court cites to pagination generated by the header electronically imprinted on a scanned copy of a document filed in this case, it will, as here, precede the page number(s) with the letters "ECF."

[5] Doc. nos. 1-1, 1-2.

[6] For ease of reference, the court will use the first name of each plaintiff.

> Your petition will be evaluated for waiting list eligibility, *and you may still obtain employment authorization and a grant of deferred action if you are deemed eligible for waiting list placement*. You will receive separate correspondence addressing the deficiencies in your petition or the evidence submitted in support of your petition. Upon review of your response, USCIS will determine if your petition meets all eligibility requirements for U nonimmigrant status as needed to be placed on the waiting list. You will receive further notification regarding your case at that time.

Doc. no. 14-2 (alteration and emphasis supplied).

On that same date of September 2, 2025, the USCIS issued notices to Jayntibhai and his former attorney relating to the petitions of Jagrutiben and Shlokkumar to be classified as qualifying family members of a U visa petitioner, and advising that they would not be considered for deferred action or employment authorization because Jayntibhai, as the principal petitioner, had not demonstrated that his U nonimmigrant visa petition was bona fide. Doc. nos. 14-3, 14-4.

According to plaintiffs' response to defendants' motion to dismiss, neither plaintiffs nor their attorneys (present or former) received (or were aware of) the USCIS correspondence determining that their petitions were not bona fide until defendants' motion to dismiss was filed. Doc. no. 19 (Plaintiffs' Response to Defendants' Motion to Dismiss), at 3. Thereafter, plaintiffs' counsel submitted amended petitions and supporting documentation to the USCIS. *Id*. at 4-5.

## III. DISCUSSION

Defendants argue that plaintiffs' complaint should be dismissed because: their claims are moot; the court lacks jurisdiction over claims relating to the pace of the adjudication of U visa petitions by the USCIS; and, even if the court has jurisdiction, plaintiffs have failed to state a claim that defendants unreasonably delayed adjudication of their U visa petitions.[7] Defendants' first argument is dispositive of the motion to dismiss.

The Eleventh Circuit has explained the limits of the jurisdiction of federal courts in the following manner:

> Article III of the Constitution limits the jurisdiction of federal courts to the consideration of "Cases" and "Controversies." U.S. Const. art. III, § 2. In turn, the "case or controversy" constraint imposes on federal courts a "dual limitation" known as "justiciability." *United States v. Fla. Azalea Specialists*, 19 F.3d 620, 621 (11th Cir. 1994). "The doctrine of justiciability prevents courts from encroaching on the powers of the elected branches of government and guarantees that courts consider only matters presented in an actual adversarial context." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). Article III's case or controversy requirement provides "an important restriction on the power of the federal courts," which is necessary "[b]ecause the judiciary is unelected and unrepresentative." *Id.* (quoting *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998)) (internal quotations omitted); *see also Allen v. Wright*, 468 U.S. 737-38, 750 (1984) ("[T]he 'case or controversy' requirement defines with respect to the Judicial Branch the idea of separation of powers on which the Federal Government is founded.").

[7] Doc. no. 14 (Motion to Dismiss Complaint), at 12.

> The doctrine of mootness derives directly from the case or controversy limitation because "an action that is moot cannot be characterized as an active case or controversy." *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). As this Court has explained, "[p]ut another way, 'a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216-17 (11th Cir. 2000) (quoting *Ethredge v. Hail*, 996 F.2d 1173, 1175 (11th Cir. 1993)).

*Soliman v. United States*, 296 F.3d 1237, 1242 (11th Cir. 2002) (alterations in original).

With those principles in mind, it is clear that plaintiffs' complaint should be dismissed because their claims are moot. Plaintiffs ask the court to direct the USCIS to determine whether their U visa petitions are bona fide, *and USCIS has done so*. Accordingly, plaintiffs have received the relief they requested, and there is no live controversy.

Plaintiffs argue that their claims are not moot because they did not receive notice of the USCIS's determination that the visa petitions were not bona fide.[8] Regardless of whether plaintiffs or their former or present attorneys actually received notice of that determination, defendants have shown that plaintiffs' U visa petitions were reviewed and adjudicated in accordance with the USCIS's Bona Fide

[8] Doc. no. 19 (Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss), at 8.

Determination policy, which is the relief this lawsuit seeks.[9]

Plaintiffs also argue that there is a live controversy because they have submitted amended U visa petitions for consideration by USCIS. Plaintiffs argue that they were not provided an opportunity to cure the deficiencies found by USCIS prior to the agency's determination that they did not satisfy the evidentiary requirements for issuance of a Bona Fide Determination Employment Authorization Document and a grant of deferred action, and, as such "[b]ecause the effects of Defendants' conduct have not been fully remedied, the dispute remains live."[10] That argument also lacks merit, because the Bona Fide Determination policy explicitly disallows "motions to reopen or reconsider, appeals, or requests to re-apply for a BFD EAD." Doc. no. 1-5 (USCIS Policy Manual, vol. 3, pt. C, ch. 5). Plaintiffs remain eligible for placement on the U visa petition waiting list, and for a discretionary grant of employment authorization and deferred action status.

Plaintiffs argue that they should not be penalized for their prior counsel's errors in the initial submission of their U visa petitions. Plaintiffs contend that those errors "permanently foreclose Plaintiffs' ability to obtain consideration of their applications."[11] That contention misstates the U visa adjudication process, however,

[9] *See* doc. nos. 14-2 through 14-4.

[10] Doc. no. 19 (Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss), at 8-9.

[11] *Id.* at 10.

because the USCIS will continue to consider their petitions for placement on the waiting list. In any event, plaintiffs' argument is unavailing, because they have received the relief — *i.e.*, a bona fide determination — they requested.

## IV. CONCLUSION

For all of the foregoing reasons, defendants' motion to dismiss will be granted. Plaintiffs' request for leave to amend the complaint to include the facts that they learned following the filing of the complaint will be denied. Even so, plaintiffs' alternative request — *i.e.*, that dismissal of this action be without prejudice — will be granted. *See Hood v. Department of Children and Families*, 700 F. App'x 988, 990 (11th Cir. 2017) (holding that mootness is a jurisdictional ground that does not go to the merits of the claim).

A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** this 10th day of November, 2026.

Senior United States District Judge